*772 AMENDED OPINION OF THE COURT
CHAGARES, Circuit Judge.
Polymer Dynamics (“PDI”) appeals and Bayer Corporation (“Bayer”) cross-appeals from the District Court’s denial of the parties’ post-trial motions for a judgment as a matter of law. For the following reasons, we will affirm the District Court’s judgment in part, vacate the judgment in part and remand.
PDI sued Bayer for breach of contract, negligent misrepresentation, and fraud. A jury found in favor of PDI on its breach of contract and negligent misrepresentation claims, but rejected PDI’s fraud claim. On appeal, PDI argues that this Court should vacate the judgment and remand for retrial of the fraud claim and retrial on consequential damages caused by Bayer’s breach of contract and negligent misrepresentation. PDI also appeals from the District Court’s grant of partial post-judgment interest, asserting that such interest should be applied to the entire amount of the verdict. Bayer cross-appeals, contending that PDI is not entitled to the full amount of the damages award. Bayer concedes, however, that PDI is entitled to post-judgment interest on the entire amount of damages that is ultimately awarded.[1]
With respect to consequential damages, PDI contends that the District Court erroneously limited PDI’s damages by requiring the jury to enforce purported limits on Bayer’s liability despite the failure of the alleged exclusive remedy and the fact that no such limit was agreed upon by the parties. Alternatively, PDI asks for certification to the Pennsylvania Supreme Court on the issue of whether a failure of an exclusive remedy voids a contractual provision prohibiting consequential damages. PDI also asserts that a new trial is required because the District Court misstated the elements of fraud in one of the jury interrogatories. Bayer, in its cross-appeal, claims that PDI is, as a matter of law, not entitled to the full amount of damages that the jury awarded because PDI did not prove those damages to a reasonable certainty.
Our review of the District Court’s denial of a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) is plenary. See Raiczyk v. Ocean County Veterinary Hosp., 377 F.3d 266, 269 (3d Cir.2004). A Rule 59 motion for a new trial or to alter or amend the judgment “ ‘brings up the underlying judgment for review,’” so that this Court’s standard of review “varies with the nature of the underlying judicial decision.” Fed. Kemper Ins. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) (quoting Quality Prefabrication v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir.1982)).
Accordingly, we review de novo the soundness of the consequential damages instruction. Where issues arise under Pennsylvania law and the Pennsylvania Supreme Court has not addressed them, we must “predict how [that] court would” rule. Paolella v. Browning-Ferris, Inc., 158 F.3d 183, 189 (3d Cir.1998). With regard to the jury interrogatory, we review for plain error because PDI did not object to the interrogatory before the District Court. See Hurley v. Atl. City Police Dep’t, 174 F.3d 95, 123 (3d Cir.1999).
Finally, in reviewing Bayer’s claim that PDI’s evidence does not support the jury’s damages award, we may grant judgment as a matter of law only if “the record *773 is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.” Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 249 (3d Cir.2001). Neither “mathematical [] precision],” id., nor expert testimony, Paolella, 158 F.3d at 195, is required. We cannot “weigh the evidence, determine the credibility of witnesses, or substitute [our] version of the facts for the jury’s version.” Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir.1993). We also “ ‘must disregard all evidence favorable to the moving party that the jury is not required to believe.’ ” Springer v. Henry, 435 F.3d 268, 281 (3d Cir.2006).
We have reviewed the parties’ briefs and heard oral argument on the issues presented by the parties and, applying the aforementioned standards of review, we rule as follows. We will vacate the District Court’s judgment and remand with instructions to apply post-judgment interest to the entire award. See 28 U.S.C. § 1961(a). In all other respects, however, we will affirm the judgment of the District Court, essentially for the reasons set forth by the District Court in its thorough opinion.

. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and following dismissal of the federal RICO claim, had jurisdiction over the remaining state-law claims under § 1367. We have jurisdiction under 28 U.S.C. § 1291.